UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIAM JAMES GEE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:14-CV-2795 |
| | § | |
| HANNIE HENDROFFE, | § | |
| | § | |
| Defendant. | § | |

**OPINION AND ORDER**

Pending before the Court is Petitioner William James Gee's Motion for Attorney's Fees and Costs. Doc. 26. On October 22, 2014, this Court ordered the return of Petitioner's children to South Africa. Doc. 23. The Court also ordered that Respondent Hannie Hendroffe pay "all costs and fees incurred by Petitioner to recover the children as required under 42 U.S.C. Sec. 11607." Doc. 23 at 2. The International Children Abduction Remedies Act (ICARA) provides:

> any Court ordering the return of the children pursuant to an action brought under section 4 shall order the Respondent to pay necessary expenses incurred by or on behalf of the Petitioner including court costs, legal fees, foster care during the course of proceedings in the action, and transportation costs related to the return of the children, unless the Respondent establishes that such order would be clearly inappropriate.

42 U.S.C. §11607(b).

In his motion, Petitioner requests $14,111.00 for "airline tickets, hotel, car rental and food costs and expenses."[1] Doc. 26 ¶ 3(a). In support, Petitioner has submitted airplane, car rental, and hotel (or "airbnb") receipts totaling $12,743,84.[2] Doc. 26-1 at 1–50. Petitioner

---

[1] Petitioner's motion later describes this amount as payment for "expert witness fees, expenses, and costs" which appears to be a drafting error, as no expert witness appeared in the case and no documentation of expert witness expenses was provided. Doc. 26 ¶ 10.

[2] Airplane tickets denominated in South African Rand have been converted using an exchange rate of 10.929 South African Rand to 1 U.S. Dollar. *See* Federal Reserve Board, *Historical Rates for the South African Rand*, http://www.federalreserve.gov/releases/h10/hist/dat00_sf.htm.

requests $39,727.80 for "legal fees, costs and expenses." Doc. 26 ¶ 3(b)–(c). In support, Petitioner has submitted legal bills totaling $39,727.44. Docs. 26-3, 26-4. Petitioner alleges "total legal fees, costs and expenses" were $57,829.80. Doc. 26 ¶ 4. Petitioner, however, only requests $53,838.80. Doc. 26 ¶¶ 8–10. Petitioner has only submitted receipts for $52,471.28. Docs. 26-1, 26-3, 26-4.

|  | **Requested** | **Receipts** |
|---|---|---|
| "airline tickets, hotel, car rental and food costs and expenses" | $14,111.00 | $12,743,84 |
| "legal fees, costs and expenses" | $39,727.80 | $39,727.44 |
|     Laura Dale & Associates | [$11,835.59] | [$11,835.23] |
|     Kelleher & Kelleher | [$27,892.21] | [$27,892.21] |
| TOTAL | $53,838.80 | $52,471.28 |
| "total legal fees, costs and expenses" | $57,829.80 |  |

Insofar as the $1,367.16 discrepancy between requested and documented non-legal fees includes food costs, Petitioner has not submitted any receipts for food costs. *See In re Application of Hirts*, CIV.A.03-CV-03156, 2004 WL 1588227, at *1 (E.D. Pa. July 13, 2004), *aff'd sub nom. Hirts v. Hirts*, 152 Fed. Appx. 137 (3d Cir. 2005) (granting airfare, hotel costs, and car rentals but holding "Petitioner's costs incurred in caring for himself and his children are in no way 'related to the return of the child[ren],' as required by 42 U.S.C. § 11607(b). Petitioner would have incurred the costs of feeding, clothing and otherwise supporting his children and himself whether his children were in the United States or Germany.").

The Fifth Circuit has examined the legal fees charged by Petitioner's counsel, Laura Dale, in a similar case. *Salazar v. Maimon*, 750 F.3d 514, 523 (5th Cir. 2014). The Fifth Circuit affirmed the district court's finding Dale's rates to be reasonable but her time spent on the case to be excessive. *Id.* In *Salazar*, Dale billed $450 per hour for 83.5 hours; her associates billed $175 and $150 per hour for 110.75 hours; and a paralegal, $150 per hour for 59.25 hours. *Salazar v. Maimon*, No. 4:11-cv-04186, Doc. 45 at 20 (S.D. Tex. March 26, 2013). The district

court held one evidentiary hearing lasting 3.5 hours. *Id.*, Doc. 41-3 at 21. No dispositive motions were filed. The district court concluded:

> This case did not present a question of law that was particularly novel or difficult; it falls "squarely within the heartland of the Hague Convention." [*Saldivar v. Rodela*, 894 F. Supp. 2d 916, 938 (W.D. Tex. 2012) (quoting *Cuellar v. Joyce,* 603 F.3d 1142, 1143 (9th Cir.2010)).] Given the lack of complexity in this case and the straightforward nature of the claims, the Court finds that the time and labor expended by Ms. Dale and her associates was excessive and therefore unreasonable. The failure of counsel to break down large blocks of time prevents the Court from fully analyzing the reasonableness of the fees requested for this work.

*Id.*, Doc. 45 at 20. The district court reduced the hours billed by approximately 60%, allocating 33.5 hours to Ms. Dale, 66.5 hours to associates, and 19 hours to a paralegal. *Id.* at 21.

Here, Ms. Dale has billed $450 per hour for 1.5 hours; an associate, $250 for 41.25 hours; and a paralegal, $150 for 15.25 hours; minus a 25% courtesy discount on all fees. Doc. 26-2 at 1. The associate and counsel of record, Ashley Tomlinson, one of the associates in *Salazar*, filed a declaration stating: "I am very familiar with the hourly rate that attorneys at my level of practice charge in matters of this nature. At least one third of my practice involves multi-jurisdictional conflicts, particularly actions brought under The Hague Convention . . . in which I specialize." Doc. 26-5 at 2. This case included a show cause hearing and an evidentiary hearing, the latter lasting 5.5 hours. Billing statements provided by Petitioner include similar detail as the ones submitted in *Salazar*, including entries for communication with client or co-counsel that do not indicate the subject of the communication. Doc. 26-3. Costs include "Color Copies, 500.00." Doc. 26-3 at 4.

Petitioner has also submitted a legal bill from counsel in Las Vegas totaling $27,892.21, related to a prior Hague Convention action in the U.S. District Court in Nevada. Doc. 26-4. The bill includes 88.8 hours at hourly rates of $150, $250, and $325,

without explanation of who was doing the work. The bill also includes a lump sum paid to another attorney without any explanation: "Cal Potter, Esq., 2000.00." Doc. 26-4 at 8. The Nevada action included three court appearances totaling two hours and thirty-eight minutes and eight motions totaling 73 pages excluding exhibits. *Gee v. Hendroffe*, No. 2:13-cv-01582-JCM-NJK, Docs. 8, 12, 21, 27, 32, 38, 45, 52 (D. Nev. 2013). Respondent Hendroffe and the children failed to appear at the Nevada hearings in violation of multiple orders. *See id.* Doc. 36 at 3:

> The first Order gave Respondent over a month to prepare her travel plans, Docket No. 25, yet she waited until one week before the hearing to request a telephonic appearance. Docket No. 33. Respondent has traveled to at least three different continents during the time relevant to this litigation, and the Court finds, again, that she must travel to Las Vegas to be present in person at the hearing. . . . IT IS FURTHER ORDERED that Petitioner, Respondent, and their two children must be present in court in person at the aforementioned hearing. THERE WILL BE NO EXCEPTIONS TO THE PERSONAL APPEARANCE REQUIREMENT.

As Respondent has admitted, she fled with the children to Malaysia. Doc. 21 at 3. The case was then dismissed for lack of personal jurisdiction. *Gee v. Hendroffe*, No. 2:13-cv-01582-JCM-NJK, Doc. 56 at 4.

During the final hearing in Nevada, Petitioner informed the court he would seek attorney's fees and costs, but these were not available under Section 11607 in the absence of an order to return the children. *Id.*, Doc. 49; *see* 42 U.S.C. §11607(b) ("[A]ny Court ordering the return of the children . . . shall order the Respondent to pay necessary expenses. . . ."). Although Petitioner's attorney fees in Nevada arose in a different proceeding, they were "necessary expenses incurred by or on behalf of the Petitioner including court costs [and] legal fees" in obtaining an order to return the children. 42 U.S.C. §11607(b); *see Distler v. Distler*, 26 F. Supp. 2d 723 (D.N.J. 1998) (finding 10,000 Israeli shekels already paid to an attorney in Israel who had

provided a legal opinion, affidavits, and attorney references were necessary legal expenses in a subsequent U.S. case under Section 11607(b); but excluding fees for custody matters "not germane to the case directly before this Court"); *Geiger v. Herbeck*, CIV. 12-1588 MJD/TNL, 2012 WL 5994935, at *1 (D. Minn. Nov. 30, 2012) (legal fees paid to attorneys in Sweden and "fees incurred in connection with the state court custody proceeding were . . . necessary to the return of the child."); *but see Wasniewski v. Grzelak-Johannsen*, 549 F. Supp. 2d 965, 979 (N.D. Ohio 2008) (fees for circuit court and Supreme Court appeals of the same Hague Convention proceeding should be presented to those courts in order; acknowledging disagreement).

Hendroffe has not filed a response to the pending motion and has not established that an attorney fee award would be "clearly inappropriate." 42 U.S.C.A. § 11607. Courts exercise wide discretion in reducing fee awards under Section 11607 based on equitable considerations such as the respondent's ability to pay. *See Salazar v. Maimon*, 750 F.3d 514, 523 (5th Cir. 2014) (affirming reduction of "almost fifty percent"); *Whallon v. Lynn*, 356 F.3d 138, 139 (1st Cir. 2004) (65%); *Rydder v. Rydder,* 49 F.3d 369, 373–374 (8th Cir. 1995) (46%, resulting in fees of $10,000); *Mendoza v. Silva*, 987 F. Supp. 2d 910, 916 (N.D. Iowa 2014) (100%; listing cases); *De Souza v. Negri*, CIV.A. 14-13788-DJC, 2015 WL 727934, at *3 (D. Mass. Feb. 19, 2015) (33%); *Kufner v. Kufner*, CIV.A. 07-046 S, 2010 WL 431762, at *6 (D.R.I. Feb. 3, 2010) (25%); *Berendsen v. Nichols,* 938 F.Supp. 737, 739 (D. Kan. 1996) (15%); *but see Paulus ex rel. P.F.V. v. Cordero*, 3:12-CV-986, 2013 WL 432769, at *10 (M.D. Pa. Feb. 1, 2013) (0%; "The record is devoid of any evidence or documentation showing [Respondent's] employment status, income, or assets.").

Here, Respondent is a pro se litigant. She testified that she relied on child support payments from Petitioner but claims he owes her $90,000 in child and spousal support, "not to

mention several hundred thousand dollars for the division of assets that he has not complied with." Doc. 21 at 8. Nonetheless, at the time of this suit, she had a one-year lease on a $2,700 per month residence in The Woodlands, Texas. Doc. 21-3 at 28; *see Neves v. Neves*, 637 F. Supp. 2d 322, 345 (W.D.N.C. 2009) (awarding $40,000 in fees and costs despite Respondent's claim he could not pay; "[w]hile Respondent Neves is currently unemployed and has no assets to speak of in the United States, he does own a two-story building in Germany, which he estimates would rent for approximately $2,000 per month"). Given Hendroffe's failure to provide documentation of financial status or to respond at all and her flouting of court orders, the Court finds that an equitable reduction is not warranted and that legal expenses and costs requested are reasonable and necessary, with the exception of the $1,367.16 undocumented non-legal expenses and an unexplained $2,000 payment by Kelleher & Kelleher to Cal Potter, Esq.

For the foregoing reasons, it is hereby **ORDERED** that Petitioner's Motion for Attorney's Fees and Costs (Doc. 26) is **GRANTED**, and

Respondent Hannie Hendroffe is **ORDERED** to pay by certified check made payable to William James Gee the sum of $12,743.84 for airline tickets, hotel, and car rental expenses with interest at .11 percent per year compounded annually from the date this Court signs the order and until paid.

Respondent Hannie Hendroffe is **ORDERED** to pay by certified check made payable to Laura Dale & Associates, P.C. the sum of $11,835.23 with interest at .11 percent per year compounded annually from the date this Court signs its order and until paid.

Respondent Hannie Hendroffe is **ORDERED** to pay by certified check made payable to William James Gee the sum of $25,892.21 for attorney's fees, expenses and costs paid to his Nevada counsel Kelleher & Kelleher with interest at .11 percent per year compounded annually

from the date the Court signs the order and until paid.

    SIGNED at Houston, Texas, this 7th day of May, 2015.

                                            MELINDA HARMON
                                   UNITED STATES DISTRICT JUDGE